465. ERROR PROCEEDINGS.
See 681 Jurisdiction. Elicker Ex Parte, OA. 6 Abs. 268.

480. EVIDENCE.
See 973 Public Utilities. Comm. Helle v. P. U. C., OS.
6 Abs. 270.
Hall v. Gayes, OA. 6 Abs. 267.
Stark v. Stark, OA. 6 Abs. 260.

481. EXCAVATIONS.
Ruggles v. Daubert, OA. 6 Abs. 261.

505a. FALSE IMPRISONMENT.
Freeka v. McGuire et, OA. 6 Abs. 262.

570a. GAS & OIL LEASES.
Hocking Coal & Oil Co. v. Preston Oil Co., OA. 6 Abs. 264.

601. HABEAS CORPUS.
Elicker Ex Parte, OA. 6 Abs. 268.

625. INDEMNITY BONDS.
Cleve. Wind. Glass Co. v. Nat. Surety Co., OS. 6 Abs. 371.

635. INHERITANCE TAX.
Lackman v. Tax. Comm., OA. 6 Abs. 259.

637. INITIATIVE AND REFERENDUM.
Barry v. City of Cleveland et. OA. 6 Abs. 270.

639. INJUNCTION.
See 855. Nuisance. Cain et v. Matthews Selected Dairies Co.. OA. 6 Abs. 258.

647. INSURANCE.
Olmsted & Co. v. Met. Life Ins. Co., OS. 6 Abs. 271.
Commonwealth Gas Co. v. Headers, OS. 6 Abs. 271.

651. JURISDICTION.
Elicker Ex Parte, OA. 6 Abs. 268.

685. JUSTICES OF THE PEACE.
Whalen v. State, OA. 6 Abs. 268.

771. MISCONDUCT.
French v. Denman et, OA. 6 Abs. 259.

791. MOTIONS AND ORDERS.
Gilbert v. Thow, OA. 6 Abs. 266.

797. MUNICIPAL CORPORATIONS.
See 637. Initiative and Referendum. Barry v. City of Cleveland et. OA. 6 Abs. 270.

839. NEGLIGENCE.
Polstein v. Knight, OA. 6 Abs. 262.
See 181 Excavations. Ruggles v. Daubert, OA. 6 Abs. 261.

855. NUISANCE.
Cain et v. Matthews Selected Dairies Co., OA. 6 Abs. 258.

883. OFFICE AND OFFICES.
State ex Coleman v. Christmann, OA. 6 Abs. 266.

941. PRACTICE AND PROCEDURE.
See 973 Public Utilities Comm. Helle v. P. U. C., OS. 6 Abs. 270.
See 791 Motions and Orders. Gilbert v. Thow, OA. 6 Abs. 266.
Ohio Finance Co. v. McReynolds, et. OA. 6 Abs. 265.

943. PREJUDICE.
See 685 Justices of the Peace. Whalen v. State, OA. 6 Abs. 268.

951. PRIVILEGED COMMUNICATION.
Whalen v. State, OA. 6 Abs. 268.

(Continued on Page 272)

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

CAIN et v. MATTHEWS SELECTED
. DAIRIES CO.
Ohio Appeals, 1st Dist., Hamilton Co.
No. 3066.   Decided Jan. 30, 1928.
First Publication of this Opinion.
Syllabus by Editorial Staff.
855.  NUISANCE—639.  Injunction.
Use, by milk company, of trucks with steel· shod wheels, over concrete' sidewalk, causing noise in early hours of morning, thereby disturbing rest and sleep of neighboring residents, enjoined.

Appeal from Common Pleas.
Injunction granted.
Bettinger, Schmitt & Kreis, Cincinnati, for Cain et.
E. S. Morrissey and John C. Herman, Cincinnati, for Dairies Co.

STATEMENT OF FACTS.
Plaintiffs' action is for an injunction, seeking an abatement of an alleged nuisance, claimed to have been created by the activities of the defendant in its operation of a milk and dairy business.

The record discloses that the defendant owns and maintains a large central plant, for the collection and distribution of milk and milk products, on the west side of St. James Avenue, in Walnut Hills, Cincinnati, Ohio; that it is an old established business; that since its installation and operation, the territory across St. James Avenue has developed into a residential section, and residences are owned and occupied by the plaintiffs in this case. It appears that the defendant, in the operation of its business, loads many of its delivery wagons, in front of the building, on the sidewalk of St. James Avenue, immediately opposite the residences of the complainants.

It is claimed that the loading of the product on the delivery wagons, for distribution, is done in the early hours of the morning; that great and unnecessary noise is created by the defendant in its loading, thereby disturbing the rest and sleep of the residents complaining; that the unnecessary noise is caused by the clash of milk bottles and crates, the movement of steel shod trucks over the concrete sidewalk, loud talk, squeaking of brakes, and other minor noises.

OPINION OF COURT.
The following is taken, verbatim, from the opinion.
HAMILTON, PJ.
We are limited to a consideration of the loading of the product in a manner creating unnecessary noise and confusion, and disturbing the plaintiffs in the enjoyment of their morning rest.

We have considered the evidence fully, as disclosed by the record, and we are of opinion that many of the things complained of have been eliminated, and other matters complained against are of a trivial nature.

We are of opinion, however, that the rolling of the trucks, loaded with crates of bottles, over the concrete sidewalk is a matter of just complaint, and is a matter not difficult for the defendant to overcome.

There is some evidence introduced by the defendant that the elimination of the steel shod wheels of the trucks is wholly impracticable; that rubber tired wheels on such trucks have not been found to be practicable. We are not impressed with the evidence on that question in this day and age of rubber tires on all vehicles, light and heavy.

Our conclusion is, that the use of the trucks with steel shod wheels over the concrete sidewalk ought to be enjoined; that there is no reason at this time to enjoin any other acts complained against, for the reason, as heretofore stated, that much of the noise has been eliminated, and other complaints are trivial.

A decree may be presented in accordance herewith.

(Mills and Cushing, JJ., concur.)